NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO ALEXANDER SEGUNDO, AKA Francisco Alexander Segundo Gaspar, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.    19-72202 <br><br> Agency No. A209-795-668 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021[**]

Before:      SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Francisco Alexander Segundo, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to terminate and dismissing his appeal from an immigration judge's ("IJ")

decision denying his application for asylum and withholding of removal.  We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

In his opening brief, Segundo does not challenge the BIA's denial of his motion to terminate proceedings. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence supports the agency's determination that Segundo failed to demonstrate a nexus between the harm he experienced or fears in Guatemala and a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Pedro-Mateo v. INS*, 224 F.3d 1147, 1151 (9th Cir. 2000) (absent evidence of a discriminatory purpose, recruitment of indigenous petitioner was not persecution on account of a protected ground); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence . . . bears no nexus to a protected ground"). Thus, Segundo's asylum and withholding of removal

claims fail.

Segundo's contentions that the agency violated his right to due process, including that it failed to consider evidence and ignored arguments, fail.. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) (requiring error to prevail on a due process claim); *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**